# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ALATUS AEROSYSTEMS, | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| | ) C.A. No.: N20C-12-038-EMD [CCLD] |
|     v. | ) |
| | ) |
| TRIUMPH AEROSTRUCTURES, LLC and TRIUMPH AEROSTRUCTURES – TULSA, LLC, | ) |
| | ) |
| | ) |
| | ) |
|     Defendants/Counterclaim Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| AEROSPACE SYSTEMS & STRUCTURES, LLC, VALENCE SURFACE TECHNOLOGIES LLC and TRIUMPH PROCESSING, INC., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
|     Counterclaim Defendants. | ) |

Submitted: November 2, 2022
Decided: January 20, 2023

*Upon Counterclaim Defendants Valence Surface Technologies LLC's and Triumph Processing, Inc.'s Motion to Dismiss*
***GRANTED***

Joelle E. Polesky, Esquire, Stradley Ronon Stevens & Young, LLP, Wilmington, Delaware, Michael D. O'Mara, Esquire, Joseph T. Kelleher, Esquire, Stradley Ronon Stevens & Young, LLP, Philadelphia, Pennsylvania. *Attorneys for Defendants/Counterclaim Plaintiffs Triumph Aerostructures, LLC and Triumph Aerostructures – Tulsa, LLC.*

Catherine A. Gaul, Esquire, Ashby & Geddes, P.A., Wilmington, Delaware, Shireen A. Barday, Esquire, Nathan C. Strauss, Esquire, Kim P. Kirschenbaum, Esquire, Gibson, Dunn & Crutcher LLP, New York, New York. *Attorneys for Counterclaim Defendants Aerospace Systems & Structures, LLC, Valence Surface Technologies LLC and Triumph Processing, Inc.*

**DAVIS, J.**

I. INTRODUCTION

This civil action is a breach of contract indemnification claim assigned to the Complex Commercial Litigation Division. The civil action commenced when Plaintiff Alatus Aerosystems ("Alatus") filed suit, alleging breach of contract against Defendants, Triumph Aerostructures, LLC and Triumph Aerostructures – Tulsa, LLC ("TAS Tulsa").[1] Those breach of contract claims relate to the Contract Manufacturing Agreement (the "CMA") between Alatus and the TAS Companies. This decision relates to the counterclaims filed by the TAS Companies, as counterclaim plaintiffs, against Alatus, Aerospace Systems & Structures, LLC ("Aerospace S&S"), Valence Surface Technologies LLC ("Valence"), and Triumph Processing, Inc. ("TPI").

The TAS Companies filed Amended Counterclaims asserting nine counterclaims against Alatus, Aerospace S&S, Valence, and TPI. Alatus filed an Answer to the TAS Companies' Amended Counterclaims. Valence and TPI (the "Valence Entities") filed their Motion to Dismiss, stating that (i) the TAS Companies cannot assert claims under the Purchase Agreement ("PA"); (ii) the majority the TAS Companies' claims against the Valence Entities are not covered under the contract definition of "indemnification," barring recovery under the PA; (iii) the claims are impermissible under Super. Ct. Civ. R. 14; (iv) claims related to the Transition Services Agreement ("TSA") are barred by Delaware's three-year statute of limitations for indemnification claims; and (v) Valence cannot be held liable under the Contract Manufacturing Agreement ("CMA") because Valence was not a party to the agreement.

The Court held a hearing on the Motion on November 2, 2022. At the conclusion of the hearing, the Court took the Motion under advisement. For the reasons stated below, the Motion

---

[1] The Court collectively defines TAS and TAS Tulsa as the "TAS Companies."

is **GRANTED**; however, the Court will allow joinder of multiple actions if the TSA Companies wish to proceed as noted in Section IV.B.

## II.     RELEVANT FACTS

### A. PARTIES

Alatus was formally known as Triumph Structures – Los Angeles, Inc. ("TSLA"). TSLA and TPI were owned by Triumph Aerospace Systems Group LLC ("TASG"). "TSLA was a subcontractor that manufactured and provided to the TAS Companies structural components for certain TAS programs for Boeing, Gulfstream, Israel Aerospace Industries, Ltd., and Bombardier."[2] TPI manufactured aerospace and defense industry parts.[3] The TAS Companies (TAS and TAS Tulsa) are affiliates of TASG based on common ownership and control by the parent company, Triumph Group, Inc. ("TGI").[4]

TGI is a Delaware corporation with its principal place of business in Berwyn, Pennsylvania.[5] TAS is a Delaware limited liability company with its principal place of business in Irving, Texas.[6] TAS Tulsa is a Delaware limited liability company with its principal place of business in Tulsa, Oklahoma.[7] Alatus is a California corporation with its principal place of business in City of Industry, California.[8] Aerospace S&S is a California limited liability company with its principal place of business in Chatsworth, California.[9] Valence is a Texas

---

[2] Answer, Affirmative Defenses, and Amended Counterclaims of Defendants, Triumph Aerostructures, LLC and Triumph Aerostructures – Tulsa, LLC ("Amend. Counterclaims") ¶ 17.
[3] *Id.* ¶ 14.
[4] *Id.* ¶ 16.
[5] *Id.* ¶ 10.
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 11.
[9] *Id.* ¶ 12.

limited liability company with its principal place of business in The Woodlands, Texas.[10]  TPI is a California corporation with its principal place of business in Lynwood, California.[11]

### B.  THE PURCHASE AGREEMENT AND RELATED CONTRACTS

On May 11, 2018, TASG entered into the PA with Aerospace S&S and Valence.[12] Pursuant to the PA, TASG sold (i) 100% of the stock of TSLA to Aerospace S&S; and (ii) 100% of the stock of TPI to Valence.[13]  The PA identified TASG as the "Seller," Aerospace S&S as the "TSLA Buyer," and Valence as the "TPI Buyer," with the latter two parties joined together as the "Buyers."[14]  The purchase and sale transaction closed on August 22, 2018.[15]  TSLA was then renamed Alatus.

On August 22, 2018, the TAS Companies entered into the CMA with Alatus.[16]  Under the CMA, Alatus agreed to continue to manufacture and sell aerospace components to the TAS Companies.[17]  The CMA between Alatus and the TAS Companies was one of the required deliverables at the PA closing.[18]  Concurrent with the PA and CMA, Alatus and TPI entered into the TSA, under which TGI agreed to provide "transition services" to both Alatus and TPI in relation to the PA.[19]

Under the CMA, the TAS Companies were required to make periodic Purchase Orders with Alatus.[20]  If the TAS Companies sought to cancel a Purchase Order, it could only do so

---

[10] *Id.* ¶ 13.
[11] *Id.* ¶ 14.
[12] *Id.* ¶ 18.
[13] *Id.*
[14] Purchase Agreement ("PA") at 2.
[15] Compl. ¶ 10.
[16] *Id.* ¶ 12.
[17] Amend. Counterclaims ¶ 22.
[18] Opposition to Valence Surface Technologies LLC's and Triumph Processing, Inc.'s Motion to Dismiss ("TAS Opp.") at 17 (quoting PA, Recital C, section 2.4(b)(iv)).
[19] Amend. Counterclaims ¶ 23. The list of "transition services" can be found in D.I. No. 36. Ex. A.
[20] Compl. ¶ 14.

under specific conditions as outlined under CMA Section 3.2.[21]  On April 3, 2020, Alatus sent a letter to the TAS Companies giving notice of a Force Majeure (the "Force Majeure Notice") event under Section 23.21 of the CMA.[22]  The Force Majeure Notice stated that, due to the ongoing COVID-19 pandemic, Alatus was unable to fulfill its obligations under the CMA.[23]

Following the Force Majeure Notice, Alatus and the TAS Companies began negotiations over the CMA and other related disagreements.[24]  During the negotiations, Alatus rejected the TAS Companies' request to exit the CMA prior to the August 22, 2021 expiration date.[25]  Alatus alleges that in October 2020, the TAS Companies cancelled hundreds of deliveries under the existing purchase orders under the CMA.[26]  Alatus refused to accept the cancellations, and notified the TAS Companies of their breach of the CMA.[27]

On October 30, 2020, Alatus provided written notice to the TAS Companies invoking CMA Section 23.16.[28]  CMA Section 23.16 sets out dispute resolution procedures and requires the parties to make their senior executives available to negotiate a settlement in good faith before the commencement of any litigation.[29]  The parties failed to come to a resolution despite a meeting of the parties' representatives on November 24, 2020, and several written and oral exchanges made after the meeting.[30]

---

[21] *Id.* ¶ 15.
[22] *Id.* ¶ 18.
[23] *Id.*
[24] *Id.* ¶ 19.
[25] *Id.* ¶ 19.
[26] *Id.* ¶¶ 21-23
[27] *Id.*
[28] *Id.* ¶ 25.
[29] *Id.*
[30] *Id.* ¶ 26.

## C. CURRENT LITIGATION

Alatus filed their Complaint against the TAS Companies on December 3, 2020.[31] Alatus alleges that the TAS Companies breached the CMA and caused damages to Alatus when the TAS Companies improperly cancelled existing Purchase Orders.[32]

The TAS Companies filed their Answer, Affirmative Defenses, and Counterclaims on January 29, 2021, stating that, since the CMA's effective date, Alatus continuously failed to deliver the ordered products on time, and in many cases, failing to deliver them at all.[33] The TAS Companies contend that Alatus' insufficient performance under the CMA caused disruptions to the TAS Companies' business, and resulted in millions of dollars in damages due Alatus' failures to perform under the CMA.[34] The TAS Companies also alleged that Alatus failed to repay the TAS Companies $2.9 million for purchases of raw materials TAS made for the benefit of Alatus.[35] The TAS Companies claim that Alatus refused to return the Canadian Export Duties mistakenly paid to Alatus, instead of a Canadian customer of the TAS Companies who was the intended recipient.[36]

On June 23, 2021, Alatus filed a Motion to Enforce Settlement Agreement, and to dismiss TAS Companies' counterclaims (the "Settlement Motion").[37] Alatus argued that the draft of the Settlement Agreement between Alatus and the TAS Companies contained sufficient terms to be enforceable, and the Court should enforce the agreement as binding on the parties. The TAS Companies filed an Opposition, maintaining that the parties did not reach a binding

---

[31] D.I. No. 1.
[32] Compl. ¶ 1.
[33] Answer, Affirmative Defenses, and Counterclaims of Defendants/Counterclaim Plaintiff's Triumph Aerostructures, LLC and Triumph Aerostructures – Tulsa, LLC ("Original Counterclaims") ¶ 16.
[34] *Id.* ¶ 21.
[35] *Id.* ¶¶ 25-27.
[36] *Id.* ¶¶ 28-31.
[37] D.I. No. 7.

settlement agreement.[38] Alatus filed a Reply Brief in support of the Settlement Motion on July 30, 2021.[39] The Court held a hearing on the Settlement Motion on September 27, 2021 and took the matter under advisement. On December 27, 2021, the Court issued an Opinion denying the Settlement Motion.[40]

On January 11, 2022, Alatus filed their Answer to the TAS Companies' counterclaims, asserting fourteen (14) affirmative defenses.[41] On March 14, 2022, the TAS Companies filed their Answer, Affirmative Defenses, and Amended Counterclaims, joining Aerospace S&S, Valence, and TPI as counterclaim-defendants with respect to the amended counterclaims, and alleging that they were liable for breach of the PA and the related agreements.[42] On March 21, 2022, Alatus responded to the Amended Counterclaims.[43]

On June 13. 2022, Valence and TPI (the "Valence Entities") filed their Motion to Dismiss the TAS Companies' counterclaims.[44] On September 2, 2022, the TAS Companies filed their Opposition to the Valence Entities' Motion to Dismiss.[45] On September 27, 2022, the Valence Entities filed their Reply Brief in support of their Motion to Dismiss.[46] The Court held oral arguments on the Motion to Dismiss on November 2, 2022.

### III. STANDARD OF REVIEW

Upon a motion to dismiss, the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the

---

[38] D.I. No. 17.
[39] D.I. No. 20.
[40] *Alatus Aerosystems v. Triumph Aerostructures, LLC*, C.A. No. N20C-12-038, 2021 WL 6122106 (Del. Super. Dec. 27, 2021).
[41] D.I. No. 23.
[42] D.I. No. 27.
[43] D.I. No. 29.
[44] D.I. No. 36.
[45] D.I. No. 39.
[46] D.I. No. 40.

claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[47] However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[48]

In considering a motion to dismiss under Rule 12(b)(6), the court generally may not consider matters outside the complaint.[49] However, documents that are integral to or incorporated by reference in the complaint may be considered.[50] "If . . . matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[51]

## IV.    DISCUSSION

### A. THE COURT FINDS THAT UNDER PA SECTION 9.15, THE INDEMNIFICATION CLAIMS MUST BE BROUGHT BY TASG.

Under Delaware law, the Court may interpret an unambiguous contract as a matter of law by giving clear and unambiguous terms their plain and ordinary meaning.[52] In interpreting a contract, the Court "give[s] priority to the intention of the parties," beginning with the "four corners of the contract."[53] To uphold the parties' intentions and give effect to the contract in its entirety,[54] a court must construe the contract "so that all of its provisions may be read together and harmonized."[55] The meaning inferred from a particular provision "cannot control the

---

[47] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy*, No. 09C-09-136, 2010 WL 5825353, at *3 (Del. Super. Oct. 27, 2010).
[48] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).
[49] Super. Ct. Civ. R. 12(b).
[50] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995).
[51] Super. Ct. Civ. R. 12(b).
[52] *Osborn ex rel. Osborn v. Kemp,* 991 A.2d 1153, 1159 (Del. 2010).
[53] *Paul v. Deloitte & Touche*, *LLP*, 974 A.2d 140, 145 (Del. 2009).
[54] *E.I. du Pont de Nemours & Co. v. Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985).
[55] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 1999 WL 33236239, at *4 (Del. Ch. Nov. 4, 1999).

meaning of the entire agreement where such inference runs counter to the agreement's overall scheme or plan."[56]

The Valence Entities argue that, under PA Section 9.15, the only party permitted to bring claims arising out of the PA is the "Seller," and that "Seller" is narrowly defined to mean TASG. As such, the Valence Entities assert that the Court should dismiss the indemnification claims because these claims were brought by affiliates of TASG, the TAS Companies.

The Court finds that because all the TAS Companies' claims arise out of PA Section 8.2(b) for indemnification, under a broad reading of Section 9.15, only TASG as the "Seller" has proper standing to bring such claims against the Valence Entities.

The PA defines the term "Seller." Under the PA, the Seller is "Triumph Aerospace Systems Group, LLC,"—defined for purposes of this decision as TASG.[57] The definition of Seller does not include TASG and its affiliates. The term is narrow. The definition of "Seller Indemnitees" is broader and includes Seller and Seller's "Affiliates or any of their respective directors, officers, employees, agents, stockholders, managers, partners, equityholders, representatives, successors and assigns."[58]

PA Section 9.15 states:

No Third Party Beneficiaries. Except as set forth in Section 5.17, no provision of this Agreement is intended to confer upon any Person other than the Parties, the Buyer Indemnitees and the Seller Indemnitees any rights or remedies hereunder (**provided that any claim for indemnification by (a) a Buyer Indemnitee that is not a party hereto may be made and conducted only by a Buyer, and (b) a Seller Indemnitee that is not a party hereto may be made and conducted only by Seller**)).[59]

---

[56] *E.I. du Pont*, 498 A.2d at 1113.
[57] PA at 1. *See also id* at Ex. A at 66.
[58] *Id*. §8.2(b).
[59] *Id*. § 9.15 (emphasis added).

9

The above language makes clear that only TASG, as the "Seller," may bring indemnification claims under the PA. The current litigation was filed by TAS and TAS – Tulsa, who are *affiliates* of TASG, but they are *not* TASG.

Upon review of the pleadings and the factual record, the TAS Companies sufficiently pled to survive the Valence Entities' Motion for dismissal on Counts I – II, and IV – IX.[60] However, TASG is a necessary party to this lawsuit. Without TASG as a party, the Court cannot allow these claims to go forward against the Valance Entities. Accordingly, the Court will grant the Motion to Dismiss.

## B. THE COURT WILL GRANT LEAVE TO FILE FOR JOINDER IF TIMELY REQUESTED

During the November 2, 2022, oral arguments, the TAS Companies stated that they were not cognizant that the joinder rules sufficed as a remedy to the procedural issues present in this case—*e.g.*, TASG filing a complaint and then consolidating that complaint in this action. For purposes of judicial economy and efficiency, Delaware joinder rules permit multiple parties to join into a single action if the parties' individual claims for relief against a common defendant arise out of the same transaction or occurrence, without a procedural time restriction.

The Court notes that these joinder rules should provide for judicial efficiency and complete relief between the parties. TASG could file a complaint against the Valence Entities. The TAS Companies and TASG could then move to consolidate the two suits.

While the Court grants the Motion to Dismiss, for purposes of judicial economy and to avoid the inevitable relitigating of the same issues, the Court will, upon a timely request filed within thirty days of the issuance of this Order, grant the TAS Companies joinder of the claims with TASG under the relevant Delaware Rules.

---

[60] The Court finds that the current factual record and the pleadings presented are sufficient to dismiss Count III - Breach of the Implied Covenant of Good Faith and Fair Dealing.

## V. CONCLUSION

Now, therefore, it is ordered that the Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

January 20, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     File&ServeXpress